21-501-pr
James v. Willis

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand twenty-two.

PRESENT:
> **MICHAEL H. PARK,**
> **WILLIAM J. NARDINI,**
> **MYRNA PÉREZ,**
> *Circuit Judges.*

_____

**TYRONE JAMES, MARK CROWDER, JALONE DAVIS, AKA JALON SHABAZZ, WAYNE HAYWOOD, KEVIN REDD, KENNETH ELMORE, CHRISTOPHER GRAY, TERRY WILSON,**

> *Plaintiffs-Appellants,*

> **v.**                                              21-501

**SCOTT WILLIS, JOHN AMATO, JEFFREY BADENDYCK, DANIEL McCULLOUGH,**

> *Defendants-Appellees.\**

_____

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | GREGORY GETRAJDMAN, NICOLE DELMURO, Law Students (Amy Jane Agnew, Supervising Attorney, *on the brief*), Law |

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Office of Amy Jane Agnew, P.C., New York, NY.

**FOR DEFENDANTS-APPELLEES:** BRIAN D. GINSBERG, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Victor Paladino, Senior Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED,** and the case is **DISMISSED** for lack of jurisdiction**.**

Plaintiffs appeal from a judgment entered by the district court on February 11, 2021 to the extent that it dismissed their three federal claims. In early 2015, Plaintiffs were inmates incarcerated at the Shawangunk Correctional Facility ("Shawangunk"), a prison operated by the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiffs are members of the Nation of Islam ("NOI") and they used Shawangunk's "mosque room" for religious study, prayers, and other religious programming.

Plaintiffs allege that a few days after the attack in Paris on the French publication *Charlie Hebdo* by an Islamic terrorist group, Correction Officer Michael Comito vandalized the mosque room by trampling on the prayer rugs with muddy boots, ripping the NOI flag off the wall, and removing the flag from the room. Defendants, who are correction officers at Shawangunk, are alleged to have asked Plaintiffs not to report the incident, failed to report the incident themselves in violation of a DOCCS directive, covered up evidence of the vandalism by having the room cleaned, and confronted Plaintiffs for reporting the incident. A subsequent investigation by DOCCS's Office of Special Investigations concluded that Comito committed the vandalism.

In August 2017, Plaintiffs filed suit in the United States District Court for the Northern District of New York. They brought a Fourteenth Amendment equal protection claim alleging that Defendants refused to follow DOCCS policies and procedures to report the incident because the Plaintiffs were Muslim, as well as conspiracy claims under 42 U.S.C. §§ 1983 and 1985(3) alleging that Defendants acted in concert to deny Plaintiffs equal protection of the laws by preventing a full investigation of the vandalism due to animus against Plaintiffs' religion. Plaintiffs also sued Correction Officer Comito, but the claims against him were settled and subsequently dismissed, and he is not a party to this appeal. The district court granted Defendants' motion to dismiss for failure to state a claim, and Plaintiffs timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We first consider whether Plaintiffs have standing, even if the issue is raised for the first time on appeal, because standing is required for subject matter jurisdiction. *See Strubel v. Comenity Bank*, 842 F.3d 181, 187 (2d Cir. 2016). We conclude that Plaintiffs lack standing, and we thus vacate and remand to the district court with instructions to dismiss for lack of subject matter jurisdiction.

There is no dispute that Plaintiffs suffered an injury in fact when their mosque room was vandalized by Comito. That does not, however, give Plaintiffs standing to sue Defendants who undisputedly did not cause that injury. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (holding that a plaintiff's injury in fact must be "fairly traceable to the challenged conduct of the defendant"). The only injury Plaintiffs' complaint alleges that was caused directly by Defendants' actions and omissions is fear that they would be "further attacked" and that there would be "further incidents and retaliation." App'x at 34, 38. That is not a concrete harm

3

sufficient to satisfy Article III standing to seek retrospective damages. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210–11 (2021) ("[I]n a suit for damages, the mere risk of future harm, standing alone, cannot qualify as a concrete harm . . .").

In their brief, Plaintiffs argue they have Article III standing because Defendants discriminated against Plaintiffs by attempting to prevent an investigation into Comito's misconduct, and discrimination itself is an injury sufficient to confer standing. Plaintiffs' argument fails because they do not have a legally cognizable interest in whether Comito is investigated. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). At least one other circuit court has concluded that this rule logically extends to the criminal investigation or non-investigation of another, which, like prosecution, is a discretionary decision left to the executive branch. *See Lefebure v. D'Aquilla*, 15 F.4th 650, 652 (5th Cir. 2021) ("[V]ictims do not have standing based on whether *other* people—including their perpetrators—are investigated or prosecuted."); *id.* at 655 ("[I]t is not the province of the judiciary to dictate prosecutorial or investigative decisions to the executive branch."). We easily make that extension here because, in the matter before us, Plaintiffs styled this case as a failure to investigate a crime and failed to distinguish their arguments for standing from those rejected by *Linda R.S.*[1] We therefore conclude that Plaintiffs do not have a legally cognizable interest in whether Comito was investigated.

We have considered the remainder of Plaintiffs' arguments and find them to be without merit. We conclude that Plaintiffs lack standing to bring their equal protection and conspiracy

---

[1] For the same reason, the cases cited by Plaintiffs holding that discrimination alone is a cognizable injury are inapposite.

claims against Defendants. Accordingly, we vacate the judgment of the district court and remand with instructions to dismiss for lack of subject matter jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
